**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Warren Drilling Co., Inc.,

        Case No. 2:12-cv-425

        Plaintiff,

    v.        Judge Graham

Equitable Production Company,        Magistrate Judge Kemp

        Defendant.

<u>Order</u>

This matter is before the court on defendant's motion to stay execution of judgment and to waive supersedeas bond on appeal.  On August 29, 2014 the court entered judgment for the plaintiff in the amount of $194,389.44.  Defendant Equitable Production Company (now known as "EQT") filed a notice of appeal on September 4, 2014.  It then moved to stay and waive bond or, alternatively, to set bond in the judgment amount.

Federal Rule of Civil Procedure 62(d) "entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right."  <u>Arban v. West Pub. Corp.</u>, 345 F.3d 390, 409 (6th Cir. 2003) (citing <u>Federal Prescription Serv., Inc. v. Am. Pharm. Ass'n</u>, 636 F.2d 755, 759 (D.C. Cir. 1980)).  Under Rule 62(d),

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2) [concerning injunctions, receiverships and patent accountings].  The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal.  The stay takes effect when the court approves the bond.

Fed. R. Civ. P. 62(d).

The purpose of Rule 62(d) "is to ensure 'that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed.'"  <u>Cohen v. Metro. Life Ins. Co.</u>, 334 F. App'x. 375, 378 (2d Cir. 2009) (quoting <u>Cleveland Hair Clinic Inc. v. Puig</u>, 104 F.3d 123, 125 (7th Cir. 1997)).  Because the rule effectively deprives the appellee of "his right to enforce a valid judgment immediately," the appellant normally must "post the bond to provide both insurance and compensation to the appellee."  <u>Hamlin v. Charter Twp. of Flint</u>, 181 F.R.D. 348, 351 (E.D. Mich.

1998). Rule 62(d) "establishes not only the appellant's right to a stay, but also the appellees['] right to have a bond posted. Because of Rule 62(d)'s dual protective role, a full supersedeas bond should almost always be required." Id.

Courts have the inherent authority to modify or waive the supersedeas bond requirement. See Hamlin, 181 F.R.D. at 353 (citing Townsend v. Holman Consulting Corporation, 929 F.2d 1358, 1367 (9th Cir. 1991); Federal Prescription Service, Inc. v. American Pharm. Assn., 636 F.2d 755, 758 (D.C. Cir. 1980)); 11 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 2905 (3d ed. 2012). While the Sixth Circuit has stated that the bond requirement is not "inflexible," Arban, 345 F.3d at 409, it "has not defined a specific test to guide the Court's discretion when considering whether to grant an unsecured stay." Buckhorn Inc. v. Orbis Corp., No. 3:08-cv-459, 2014 WL 4377811, at *1 (S.D. Ohio Sept. 3, 2014).

In the absence of appellate guidance, district courts within the Sixth Circuit have required a party seeking waiver of the bond requirement to demonstrate "extraordinary circumstances" that would justify such a waiver. See e.g., Chang Lim v. Terumo Corp., No. 11-cv-12983, 2014 WL 2051219, at *2 (E.D. Mich. May 19, 2014); Hamlin, 181 F.R.D. at 353. Under this approach, "extraordinary circumstances" include "a showing by the appellant that his 'ability to pay the judgment is so plain that the cost of the bond would be a waste of money,' or that the bond requirement 'would put [appellant's] other creditors in undue jeopardy.'" Cheng Lim, 2014 WL 2051219, at *2 (quoting Hamlin, 181 F.R.D. at 353)). Some district courts within the Sixth Circuit have adopted the Seventh Circuit's five factor test in Dillon v. City of Chicago, 866 F.2d 902 (7th Cir. 1988) to determine whether the waiver of a supersedeas bond is appropriate. See e.g., Buckhorn Inc., 2014 WL 4377811, at *2. Under the Dillon test, courts consider: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. 866 F.2d at 904-05.

The party seeking waiver of the bond requirement has the burden "to objectively demonstrate the reasons" for such a waiver. Hamlin, 181 F.R.D. at 353. See also 11 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 2905 (3d ed. 2012) ("[T]he burden is

on the party seeking a waiver to demonstrate that the judgment is not at risk and the bond will not be waived if that is not sufficiently established").

Here, EQT moves to waive the bond requirement and argues, without much elaboration, that it "plainly has the capacity to pay" the judgment because its parent is a publicly-traded company on the New York Stock Exchange.  Plaintiff responds in opposition that the bond requirement should not be waived absent EQT providing documentary evidence, such as financial statements, of its ability to pay the judgment.  In its reply, EQT contends that submission of financial statements is unnecessary because the relevant financial information is publicly available, though EQT still has failed to cite to any such publicly-available sources.

The court finds that EQT has not met its burden to objectively demonstrate the reasons for a waiver of bond on appeal.  EQT may be correct that the relevant information is available, but the burden is on EQT to prove that a waiver is warranted, and it has not done so.  Given that "a full supersedeas bond should almost always be required," Hamlin, 181 F.R.D. at 351, EQT's bare assurance of its ability to pay is not sufficient to demonstrate an extraordinary circumstance justifying a waiver.

Accordingly, EQT's motion to stay execution of judgment (doc. 85) is GRANTED IN PART and DENIED IN PART.  The motion is denied as to EQT's motion to waive supersedeas bond.  The motion is granted as to EQT's alternative request to be required to post bond in the full judgment amount of $194,389.44.  EQT shall post bond within 10 days of the date of this order.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: October 3, 2014

3