**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Warren Drilling Co., Inc.,

               Plaintiff,

      v.

Equitable Production Company,

               Defendant.

Case No. 2:12-cv-425

Judge Graham

Magistrate Judge Kemp

Opinion and Order

This indemnification action is before the court on the motion of plaintiff Warren Drilling Company for an award of attorney's fees that it incurred in this suit to prove the reasonableness of the amounts it expended in settling the underlying Hagy litigation.

On April 16, 2014, the court granted summary judgment to Warren on the issue of which party was liable under the indemnification provisions of a Drilling Contract between Warren and defendant Equitable Production Company (now known as "EQT").  However, the court found that Warren had not satisfied its burden, under applicable Pennsylvania law, of proving the reasonableness of the settlement amount and its litigation expenses in the Hagy litigation.  The court directed Warren to submit evidence and briefing on the issue of the reasonableness of those amounts:

> Warren bears the burden of proving both the reasonableness of the settlement amount and its litigation expenses.  County of Delaware v. J.P. Mascaro & Sons, Inc., 830 A.2d 587, 593 (Pa. Super. Ct. 2003) (citing Tugboat Indian, 5 A.2d 153; McClure, 585 A.2d 19).

> Warren has not yet satisfied its burden.  Though it has submitted evidence that it reached a $40,000 settlement with the Hagys, see Warren Aff., ¶ 11, it has not provided any analysis as to why that amount was reasonable, other than to vaguely assert that a trial would have been expensive.  Further, Warren has merely alleged that it expended $155,000 in attorneys' fees and costs in connection with the Hagy litigation, without submitting any evidence to substantiate that amount.  And Warren's analysis of the reasonableness of the alleged amount is largely limited to the point that it was less than what Warren believes EQT's fees and costs were in the Hagy litigation.

1

Accordingly, the court will instruct the parties to submit additional evidence and briefing on the issues of the reasonableness of the settlement amount and of the litigation expenses.

Doc. 69 at 12.

Warren then filed a supplemental brief, and in an August 26, 2014 order the court approved the reasonableness of the amounts sought by Warren:

Warren has submitted a brief and evidence in support of its position on the reasonableness of the amount of its settlement with the Hagys and of its attorneys' fees and costs in the Hagy litigation. The settlement amount was $40,000. In its submission, Warren demonstrates that at the time of the settlement, it expected to incur a minimum of $43,000 to $68,000 in additional attorneys' fees relating to moving for summary judgment and attending to final pre-trial matters (not including the jury trial itself). Thus, Warren argues that a $40,000 settlement was a less expensive alternative to further litigation.

As to its attorneys' fees and costs, Warren demonstrates that over the course of a year and a half of litigation, it incurred a total of 465 hours of legal services at rates that varied from $65 per hour to $190 per hour. The total attorneys' fees were $84,477.50. Warren incurred $8000.50 in costs (largely court reporter fees) and $61,911.44 in expert fees. The expert fees were incurred pursuant to a fee-sharing agreement among the defendants, including EQT, in the Hagy litigation.

In response EQT stipulates to the reasonableness of the settlement amount, attorneys' fees, costs, and expert fees. EQT reserves its right to contest on appeal the issue of its liability to defend and indemnify Warren.

In light of EQT's stipulation, the court finds that the amounts of the settlement and of Warren's attorneys' fees and costs are reasonable.

Doc. 81 at 5-6.

In its current motion, Warren argues that EQT should have stipulated to the reasonableness of the amounts incurred in settling the Hagy litigation when it responded on February 27, 2013 to plaintiff's requests for admission under Fed. R. Civ. P. 36. Warren points specifically to Requests for Admission Numbers 12 and 18:

12.    Admit that the Settlement Amount was fair and reasonable.

**RESPONSE**: Denied.  All other parties were granted summary judgment.

18.    Admit that the legal fees, costs, and expenses incurred and paid by Plaintiff in the Civil Action in the amount of $99,380.00 were reasonable.

**RESPONSE**: EQT has made reasonable inquiry but the information known or reasonably obtainable by it is insufficient to enable it to admit or deny this request.

2

Doc. 57-3 at 4-6.  Warren argues that EQT, which had been a party to the Hagy litigation and had been provided with an accounting of Warren's expenses in the Hagy litigation in June 2012, learned nothing new between February 27, 2013 and when it made its stipulation after the grant of summary judgment on the issue of liability.  According to Warren, EQT lacked a good faith basis to refuse to admit to the reasonableness of Warren's expenses in the Hagy litigation, and EQT's failure to do so caused Warren to expend an additional $30,100 in this lawsuit in demonstrating the reasonableness of those expenses.

> Warren's motion must be denied under the safe harbor provisions of Rule 37(c)(2):
>
> (2) Failure to Admit. If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof.  The court must so order unless:
>
> (A) the request was held objectionable under Rule 36(a);
>
> (B) the admission sought was of no substantial importance;
>
> (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
>
> (D) there was other good reason for the failure to admit.

Fed. R. Civ. P. 37(c)(2).

The court finds that EQT had reasonable ground to believe that it could prevail on the issues presented by Request for Admission Number 12.  Two other defendants to the Hagy litigation, including EQT, obtained judgment in their favor on the merits.  In EQT's view, Warren could have obtained judgment as well and its decision to settle, for any amount, was unreasonable because it disqualified Warren from seeking indemnification.  EQT believed that Warren's settlement would cause Warren's indemnification claim to fail under Pennsylvania's "actual liability" rule, which requires an indemnitee in a second lawsuit to offer "practically the same evidence" that the injured party would have submitted in the first action in order to prove the indemnitee's liability to the injured party.  Martinique Shoes, Inc. v. New York Progressive Wood Heel Co., 217 A.2d 781, 783 (Pa. Super. Ct. 1966); Philadelphia Elec. Co. v. Hercules, Inc., 762 F.2d 303, 317 (3d Cir. 1985).  Although this court ultimately held that the Drilling Contract contained sufficient language

to opt out of the actual liability rule,[1] see doc. 69 at 11-12, EQT's denial of Request for Admission Number 12 reflected a correct view of the default rule in Pennsylvania.

The court further finds that EQT had good reason for its failure to admit Request for Admission Number 18.  The amount that Request Number 18 asked EQT to admit was reasonable, $99,380.00, is greater than the amount the court ultimately approved as reasonable for Warren's attorneys' fees and costs, $92,478.00 ($84,477.50 in attorneys' fees plus $8000.50 in costs).  Even the counsel retained by Warren to opine on the reasonableness of their fee request arrived at this lower amount of $92,478.00.

Accordingly, Warren's motion for attorneys' fees (doc. 88) is denied.


                                           s/ James L. Graham
                                           JAMES L. GRAHAM
                                           United States District Judge

DATE: May 8, 2015

---

[1]  This court's holding that the parties contracted out of the actual liability rule is currently on appeal before the Sixth Circuit.